# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

MICHELLANGE PAUL, )
)
Petitioner, )
v. ) No. 26-03230-CV-S-BP
)
SAMUEL OLSEN, Field Office Director, )
Chicago Field Office, Immigration and )
Customs Enforcement, in his official capacity, )
*et al.*, )
)
Respondents. )

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner has been detained by the Department of Homeland Security ("DHS"). Pending is her Petition for Writ of Habeas Corpus in which she argues federal statutes and the Due Process Clause require that she be released. The Court agrees with Petitioner's statutory arguments, and on that basis concludes her request for a Writ of Habeas Corpus should be **GRANTED**.

## I. BACKGROUND

Petitioner is a citizen of Haiti who entered the United States on July 1, 2024. (Doc. 1, ¶¶ 1, 23, 29.) She presented at a port of entry through an appointment arranged on CBP One. (Doc. 1, ¶¶ 2, 29.) CBP One is (or was) "a mobile app and scheduling tool" used by United States Customs and Border Protection to make appointments for inspection of incoming aliens and process their applications for admission. *Doe v. U.S. Dep't of Homeland Sec.*, 2026 WL 880442, at *1 (D. Mass. Mar. 31, 2026). She sought asylum and was granted humanitarian parole (and entry into the country) pursuant to 8 U.S.C. § 1182(d)(5). (Doc. 1, ¶¶ 2, 30.)

On May 23, 2025, Petitioner was arrested after attending a hearing related to her removal proceedings and has been detained ever since. (Doc. 1, ¶¶ 5, 33, 38.) She has complied with all

conditions of parole and attended all hearings and has not committed any crimes. (Doc. 1, ¶ 31.) She has not been provided written notice that her parole has been revoked, much less a reason for its revocation. (Doc. 1, ¶¶ 5, 33.)

Petitioner brought this proceeding, which seeks, *inter alia*, a writ of habeas corpus pursuant to 28 U.S.C. § 2241, against (1) the Greene County Sheriff, (2) the Secretary of DHS (the "Secretary"), (3) the Field Office Director for the Chicago Field Office for Immigration and Custom Enforcement, (4) the Acting Attorney General, and (5) the Acting Director of Immigration and Custom Enforcement, all in their official capacities. She asserts the Immigration and Nationality Act (the "INA") and the Due Process Clause both entitle her to immediate release, or at least the opportunity to seek release on bond. The Court issued an Order directing Respondents to show cause why relief should not be granted; the Court also observed that "this case appears to be different from the many others that have recently been filed by detained aliens" and noted the fact that Petitioner presented herself for admission and had been granted parole. (Doc. 4.) Respondents argue Petitioner is not entitled to relief, and Petitioner has filed a Traverse. The Court concludes that Petitioner's parole has not been revoked in a manner that complies with the INA and its regulations, and on that basis she is entitled to be released.

## II. DISCUSSION

As stated above, Petitioner was granted parole pursuant to 8 U.S.C. § 1182(d)(5). That statute permits the Secretary to "in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons . . . any alien applying for admission to the United States[.]" 8 U.S.C.A. § 1182(d)(5)(A) (emphasis supplied).[1] Parole does not constitute admission, and when the Secretary determines that, in a

---

[1] The decision can be made by several other officials designated by the Secretary, *see* 8 C.F.R. § 212.5(a), but for the sake of clarity the Court will simply refer to the Secretary.

2

given case, the purposes of parole "have been served the alien shall forthwith . . . be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id*.

Section 1182(d) does not specify the procedures for terminating parole, but the matter is addressed in relevant regulations. There are some circumstances in which termination is automatic, *see* 8 C.F.R. § 212.5(e)(1), but Respondents do not claim any of those circumstances are present here. In all other cases, parole may "be terminated *upon written notice* to the alien and he or she shall be restored to the status that he or she had at the time of parole." *Id*. § 212(e)(2)(i) (emphasis supplied). Without written notice, termination is ineffective. *E.g.*, *L.M. v. Noem*, 2026 WL 1032231, at *9 (D. Nev. Jan. 14, 2026); *Dadfar v. Arnott*, 2025 WL 3452372, at *2-3, 5 (W.D. Mo. Dec. 1, 2025). And, as the statute and regulation specify, parole cannot be revoked unless the Secretary first determines that "the purposes for which parole was authorized" have been accomplished or that "neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States." 8 C.F.R. § 212.5(e)(2)(i); *see also Doe v. U.S. Dep't of Homeland Sec.*, 2026 WL 880442, at *11 (D. Mass. Mar. 31, 2026).

Respondents emphasize that the Secretary has broad discretion to determine whether parole should be terminated and further argue that judicial review of such decisions is not permitted. *See* 8 U.S.C. § 1226(e). But as Petitioner points out, she "is not challenging a discretionary decision about *whether* to grant or revoke parole." (Doc. 10, p. 5 (emphasis in original).) Instead, she "seeks habeas relief [because] the procedure Respondents followed in revoking her parole and detaining her did not comply with the relevant statute and regulations[.]" (Doc. 10, p. 5.) And while Respondents challenge the Court's authority to review the Secretary of DHS's decisions,

3

they do not challenge the Court's authority to grant relief if the Secretary of DHS did not make a decision or did not otherwise comply with § 212.5(e)(2)(i).

Respondents do not represent that the Secretary of DHS has made the determination necessary to justify revoke Petitioner's parole. They also do not identify any notice of the determination that was provided in writing to Petitioner. Therefore, Petitioner's parole was not revoked in manner that complies with the INA or its regulations, *e.g.*, *Castillo v. Facility Admin'r. Deserv View Annex*, 2026 WL 837149, at *2-3 (C.D. Cal. Mar. 23, 2026); *Kirboga v. LaRose*, 2025 WL 3779426, at *9-10 (S.D. Cal. Dec. 31, 2025); *Dadfar v. Arnott*, 2025 WL 3452372, at *2-3, 5 (W.D. Mo. Dec. 1, 2025); *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1144 (D. Or. 2025), and she is entitled to be released.[2]

### III. CONCLUSION

The Petition for Writ of Habeas Corpus is **GRANTED**. Respondents are **ORDERED** to release Petitioner forthwith.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
**DATE**: May 11, 2026                    UNITED STATES DISTRICT COURT

---

[2] The Court's decision makes it unnecessary to (1) consider whether 8 U.S.C. § 1225 or § 1226 applies in the event of a proper parole revocation or (2) resolve Petitioner's constitutional arguments (even though some courts addressing the issue have held that the failure to follow § 212.5 violates Due Process). The Court also does not consider the possible effect of 8 C.F.R. § 212.5(h) because it was not addressed by the parties. Finally, the Court does not address whether Petitioner is a member of the class certified in *Doe v. U.S. Dep't of Homeland Sec.*, 2026 WL 880442, at *1 (D. Mass. Mar. 31, 2026), because it was mentioned, but not fully discussed, by the Petitioner. (*See* Doc. 10, p. 10.)

4